UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEELCASE INC. and STEELCASE
DEVELOPMENT CORPORATION,

        Plaintiffs,

v.                                       Case No. 1:06-CV-470

L. COHEN GROUP d/b/a                  HON. GORDON J. QUIST
LUXURYCHAIR.COM, LEVI COHEN,
individually and d/b/a
LUXURYCHAIR.COM, and MENACHEM
FELLIG, individually and d/b/a
LUXURYCHAIR.COM,

        Defendants.

_____/

**MEMORANDUM ORDER DENYING MOTION
TO SET ASIDE DEFAULT, JUDGMENT INCLUDING
PERMANENT INJUNCTION, ORDER OF CONTEMPT,
AND ORDERS FOR ATTORNEY FEES**

       The Court has before it Defendants' motion to set aside default, judgment including

permanent injunction, order of contempt, and orders for attorneys fees.  Pursuant to the Court's

Order dated February 11, 2007, Plaintiffs have filed a response.  For the reasons set forth below, the

Court will deny the motion.

       Plaintiffs, Steelcase Inc. and Steelcase Development Corporation (collectively "Steelcase"),

filed this action on July 6, 2006, alleging that Defendants had engaged in trademark infringement,

unfair competition, and false advertising by making certain representations about Steelcase's LEAP

and RALLY chairs on Defendants' website, luxurychair.com.  Along with its complaint, Steelcase

filed a motion for preliminary injunction.  By notice dated July 11, 2006, the Court set a hearing for August 8, 2006, on the motion for preliminary injunction.  Steelcase properly served all Defendants, but Defendants failed to answer or otherwise respond with the time permitted under the Federal Rules of Civil Procedure.  Steelcase filed a motion for entry of default judgment on August 2, 2006. The Court held the hearing on the preliminary injunction on August 8, 2006.  Defendants did not appear and were not represented by counsel.  Prior to the hearing, Defendants retained attorney Jonathan Stein to represent them in this matter.   Stein negotiated with Steelcase's counsel for the entry of a Consent Order that required Defendants to modify the luxurychair.com website and provided that the default would be vacated upon Defendants' filing of an answer or motion within fourteen days.  Following the hearing, the Court entered an Order giving Defendants until August 22, 2006, to answer or otherwise respond and stating that the default previously entered would be set aside upon the filing of a timely answer or motion.  The Court entered the Consent Order the following day, August 9, 2006.[1]  Defendants failed to comply with their obligations under the Consent Order, failed to file an answer or motion, and did not appear in the case.  Steelcase thus moved again for default judgment.  The Clerk entered a default against Defendants on October 4, 2006, and the Court granted Steelcase's motion for entry of default judgment on October 5, 2006, when it entered a Judgment Including Permanent Injunction.

On November 17, 2006, the Court entered an Order finding Defendants in contempt for failing to comply with the October 5, 2006, Judgment and Permanent Injunction.  The November 17, 2006, Order, enjoined any person or entity hosting or maintaining the luxurychair.com website from selling, advertising, or distributing Steelcase products.   Shortly thereafter, Defendants

---

[1]The August 8, 2006, Order and the August 9, 2006, Consent Order both erroneously stated that a default had been entered, when in fact no default had been entered by the Clerk.

apparently fired Stein and hired another lawyer, Robert Rimberg, to negotiate with Steelcase because GoDaddy, which hosted the luxurychair.com site, suspended hosting.  Steelcase's counsel worked with Rimberg to draft a stipulation to restore hosting of the site to allow Defendants to modify the site to remove the misleading information.  Thereafter, Steelcase's counsel discussed various issues with Rimberg, including compliance with the injunction and settlement.  However, Defendants continued to ignore the Court's orders, and in January 2007, apparently fired Rimberg and re-hired Stein.  Finally, on January 18, 2007, the Court granted Steelcase's motion for attorneys fees pursuant to the October 5, 2006, Judgment Including Permanent Injunction and Steelcase's motion for attorney fees pursuant to the November 17, 2006, Order.  Throughout this case, Steelcase has personally served Defendants with all motions, orders, and other documents filed in this case.   In spite of notice, Defendants have completely failed to participate in this case and to comply with this Court's Orders.  Defendants apparently filed the instant motion in order to again gain access to the luxurychair.com website.

Pursuant to Rule 55(c), a party may move a court to set aside a default judgment in accordance with Rule 60(b) for good cause.  *See* Fed. R. Civ. P. 55(c).  In the Sixth Circuit, courts are to apply the factors set forth in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983), in determining whether to vacate a default judgment.  Those factors are: (1) whether the opposing party would be prejudiced; (2) whether the proponent has a meritorious claim or defense; and (3) whether the movant's culpable conduct led to the default.  *See id.* at 845.  In *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992), the Sixth Circuit emphasized that when a district court is asked to set aside a default judgment, the moving party must demonstrate, in accordance with Rule 60(b)(1), that the default did not result from his culpable

conduct.[2]   In other words, the moving party must "demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Id.* at 292.  "[O]nly when the defendant can carry this burden . . . will he be permitted to demonstrate that he also can satisfy the other two [*United Coin Meter*] factors."  *Id.*

Defendants point to Stein's inaction or negligence in failing to represent them in this case and allowing a default judgment, permanent injunction, and other orders to be entered against them. Defendants' attempts to set Stein up and then distance themselves from him must be rejected.  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962), the Supreme Court held that a client is bound by his lawyer's acts even if those acts result in dismissal or entry of default judgment. The Court observed:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 633-34, 82 S. Ct. 1386, 1390 (1962) (citation omitted).  The Sixth Circuit has followed this approach, *see Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992) (affirming the district court's dismissal for failure to prosecute based upon the plaintiffs' attorney's disregard of court orders and deadlines), but it has also stated that it has been "extremely

---

[2]Although Defendants also cite Rule 60(b)(6) ("any other reason justifying relief from the operation of the judgment") as a ground for their motion, they do not even attempt to show that they are entitled to relief under this provision.  A party is entitled to relief under this provision only if it shows that exceptional or extraordinary circumstances exist that would justify relief from the operation of a judgment.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1498 (1993).  "Exceptional circumstances" for purposes of Rule 60(b) means "unusual and extreme situations where principles of equity mandate relief" coupled with a showing that "absent relief, extreme and undue hardship will result."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  Nothing in Defendants' motion meets this standard.

reluctant to uphold the dismissal of a case or the entering of a default judgment merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Id.* at 609 (citing *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986)).

The Court need not be concerned in this case about holding Defendants accountable solely on the basis of the neglect of their counsel.  Rather, the record amply demonstrates that Defendants were fully aware of the proceedings, including the Permanent Injunction and the Order finding them in contempt, and failed to demonstrate a sincere effort to comply.  The Sixth Circuit has noted that the attorney's misconduct is only part of the calculus in the decision to relieve a party from a default judgment.  *See CSX Transp., Inc. v. May*, Nos. 89-6497, 89-6498, 1990 WL 197834, at *4 (6th Cir. Dec. 7, 1990) (per curiam).  "In order to avert a finding a [sic] culpability so as to obtain relief from a default judgment, a party must establish that he or she has been a 'diligent conscientious client.'" *Id.* (quoting *Coleman v. Smith*, 814 F.2d 1142, 1146 (7th Cir. 1987)).  Defendants' assertions regarding Stein's failures ring hollow, for as Steelcase correctly points out, Defendants were never serious about litigating this case and only took action to hire Rimberg to assist them in restoring their website, which was shut down as a result of the November 17, 2006, contempt Order.  Moreover, Defendants' decision to "fire" and then "re-hire" Stein seems to contradict their assertions that it was all his fault and that they were blindly following his advice.  As stated in *Clarendon Ltd. v. Foster*, No. 92-5626, 1993 WL 339793 (6th Cir. Sept. 2, 1993) (per curiam): "This is not a case of mere inadvertence on the part of counsel in missing a deadline for which the client is prejudiced. [Counsel] was derelict in his duty to Ball but Ball cannot hide his own misconduct, inaction and negligence by attributing it solely to his attorney." *Id.* at 9.

Because Defendants have failed to show that the default did not result from their own culpable conduct, the Court need not consider whether they have a meritorious defense or whether Steelcase would be prejudiced by setting aside the default judgment.  Therefore,

**IT IS HEREBY ORDERED** that Defendants' Motion To Set Aside Default, Judgment Including Permanent Injunction, Order Of Contempt, And Orders For Attorneys' Fees (docket no. 73) is **DENIED**.

Dated:  June 20, 2007                                    _____/s/ Gordon J. Quist_____
                                                                       GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE